■ In the Matter of Max Doss et al., Petitioners, v New York City Loft Board, Respondent, and Alexander Neratoff et al., Intervenors-Respondents.—Determination of the respondent New York City Loft Board, dated November 17, 1987, which determined that the building in question was covered by the Loft Law since it was occupied by three families living independently of each other during the statutory window period, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this court by order of Sup Ct, NY County [Beatrice Shainswit, J.], entered on or about Dec. 27, 1988) is dismissed, without costs or disbursements.

In reviewing the record, we find that there is substantial evidence to support respondent's determination. *(See, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176.)* The first-floor unit, the second-floor-north unit and the second-floor-south unit of the building were residentially occupied by three families living independently of one another during the statutory window period of April 1, 1980 to December 1, 1981.

While petitioners assert that the second floor, occupied by Mr. Neratoff and Ms. Krupp during the relevant period, did not constitute two separate families who occupy separate units with indicia of independent living, their claim is belied by the record. The fact that for a short while, during renovation work, Ms. Krupp exited by walking through a portion of Mr. Neratoff's space, and the fact that Mr. Neratoff utilized two rooms in what later became part of Ms. Krupp's space, does not preclude a finding that Ms. Krupp and Mr. Neratoff maintained two separate and distinct living spaces from the start of the statutory window period. As the Loft Board concluded these "reciprocal licenses made it possible for each unit to function as an independent unit * * * while construction was in process." Moreover, even though Mr. Neratoff paid the rent and utilities, respondent reasonably determined that Ms. Krupp did consulting work for Mr. Neratoff in exchange for the value of the rent and utilities.

We have considered petitioners' other claims and find them without merit. Concur—Carro, J. P., Milonas, Asch, Ellerin and Rubin, JJ.